UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA    CRIMINAL NO. 3:12CR238 (JBA)

v.

LAWRENCE HOSKINS     March 1, 2019

## GOVERNMENT'S PRELIMINARY PROPOSED JURY INSTRUCTIONS

The Government submits the below requests for jury instructions for the trial in the above captioned matter. The general instructions, i.e., those unrelated to the charges in this case, are principally drawn from this Court's prior instructions in *United States v. Moody*, 3:09CR86(JBA) and *United States v. Cossette*, 3:12CR232(JBA), unless otherwise indicated. With respect to the substantive instructions, the sources of the Government's proposals are explained below. In significant part, the proposed instructions regarding violations of the Foreign Corrupt Practices Act and Conspiracy to Commit Money Laundering are drawn from *United States v. Bourke*, No. 05-cr-518 (SAS) (S.D.N.Y. Jul. 8, 2009), affirmed by *United States v. Kozeny*, 667 F.3d 122 (2d Cir. 2011); and *United States v. Esquenazi*, No. 09-cr- 21010 (JEM) (S.D. Fla. Aug. 4, 2011), affirmed by *United States v. Esquenazi*, No. 11-15331, 2014 U.S. App. LEXIS 9096 (11th Cir. May 16, 2014). The instructions given in those cases are attached to this filing.

Respectfully submitted,

ROBERT ZINK      JOHN H. DURHAM
ACTING CHIEF, FRAUD SECTION UNITED STATES ATTORNEY
Criminal Division      District of Connecticut
United States Department of Justice
/s/          /s/
DANIEL S. KAHN     DAVID E.NOVICK
DEPUTY CHIEF      ASSISTANT U.S. ATTORNEY
1400 New York Avenue, N.W.  157 Church St., 25th Floor
Washington, D.C. 20005   New Haven, Connecticut 06510
Tel. (202) 616-3434     Tel. (203) 821-3700
Federal Bar No. phv04243   Federal Bar No. phv02874

## TABLE OF CONTENTS

INTRODUCTION TO JURY INSTRUCTIONS .......................................................................... 5

    Role of the Court............................................................................................................. 6

    Role of the Jury .............................................................................................................. 7

    Role of Attorneys ........................................................................................................... 8

    Presumption of Innocence and Burden of Proof........................................................... 10

    "Prove" and "Find" ....................................................................................................... 12

OFFENSES CHARGED........................................................................................................ 13

    Nature and Function of the Indictment ......................................................................... 13

    Count One – Conspiracy, 18 U.S.C. § 371 ................................................................... 14

        The Statute ................................................................................................................ 15

        Purpose of Statute .................................................................................................... 16

        Elements of 18 U.S.C. § 371..................................................................................... 17

        First Element: Existence of Agreement ..................................................................... 18

        Second Element: Membership in the Conspiracy....................................................... 19

        Third Element: Agent of a Domestic Concern ........................................................... 22

        Fourth Element: Commission of Overt Act................................................................ 23

        Fifth Element: Commission of Overt Act in Furtherance of the Conspiracy .............. 24

        Object of the Conspiracy .......................................................................................... 25

    Counts Two through Seven – Foreign Corrupt Practices Act, 15 U.S.C. § 78dd-2 ......... 29

        The Statute ................................................................................................................ 30

        Elements of 15 U.S.C. § 78dd-2 ............................................................................... 32

        First Element: "Domestic Concern" .......................................................................... 33

        Second Element: "Corruptly" and "Willfully" .......................................................... 35

        Third Element: Use of the Mails or Instrumentality of Interstate Commerce ............. 36

        Fourth Element: Promise to Pay ............................................................................... 37

        Fifth Element: Payments to Foreign Officials ........................................................... 38

Sixth Element: Purposes of Payments ................................................................ 41

Seventh Element: Payments for Obtaining or Retaining Business ...................... 42

Solicitation of Bribe Not a Defense – Explained .............................................. 43

Count Eight – Conspiracy to Launder Money, 18 U.S.C. § 1956(h) ....................... 44

The Statute ........................................................................................................ 45

Elements of 18 U.S.C. § 1956(h) ...................................................................... 46

I instructed you regarding these two elements in my instructions for Count One.  Those
same instructions apply here. ........................................................................... 46

Overt Act Need Not Be Proven ......................................................................... 47

Agency Need Not Be Proven ............................................................................. 48

Objects of the Conspiracy ................................................................................. 49

Counts Nine through Twelve – International Money Laundering, ........................... 51

18 U.S.C. § 1956(a)(2)(A) .................................................................................... 51

The Statute ........................................................................................................ 52

Elements of 18 U.S.C. § 1956(a)(2)(A) ........................................................... 53

First Element Explained .................................................................................... 54

Second Element Explained ................................................................................ 55

Aiding and Abetting ............................................................................................... 56

Conspiracy Liability Guilty of the Substantive Offense ........................................ 59

Conscious Avoidance: Deliberately Closing Eyes (IF APPLICABLE) .................. 61

GUIDELINES FOR DELIBERATION ....................................................................... 62

The Government as a Party .................................................................................... 62

Possible Punishment .............................................................................................. 63

Sympathy ................................................................................................................ 64

Inference Defined ................................................................................................... 65

What is and What is Not Evidence ........................................................................ 67

Types of Evidence .................................................................................................. 69

Acts and Declarations of Co-Conspirators ............................................................ 70

Stipulations (IF APPLICABLE) ............................................................................. 72

Witnesses ............................................................................................................ 74

Law Enforcement Witnesses (IF APPLICABLE) .................................................. 77

Expert Testimony (IF APPLICABLE) .................................................................. 78

Cooperating and Immunized Witnesses ............................................................... 79

Consideration of a Guilty Plea ............................................................................. 81

Uncalled Witnesses (IF APPLICABLE) ............................................................... 82

Defendant's Right Not to Testify (IF APPLICABLE) ........................................... 83

Defendant's Testimony (IF APPLICABLE) .......................................................... 84

Specific Investigative Techniques Not Required .................................................. 85

Impeachment by Prior Inconsistent Statement ..................................................... 86

CONCLUSION AND FINAL INSTRUCTIONS .................................................... 87

## INTRODUCTION TO JURY INSTRUCTIONS

I will now instruct you on the law to be applied in this case.

You must take the law as I give it to you, and if any attorney or any witness or exhibit has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. The instructions as a whole constitute the law of this case and must be applied as a whole; you should not single out any one instruction or ignore others.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than the instructions of the Court. It would also be a violation of your sworn duty if you were to base any finding of fact on anything other than the evidence presented to you in this case.

**Role of the Court**

As the presiding judge, I perform basically two functions during a trial. First, I decide what evidence is admissible for your consideration. You have heard me doing that throughout the trial. Second, I instruct you on the law that you are to apply to the facts. I gave you some preliminary instructions before evidence began, but it is now—after the close of evidence—that the full, final instructions are given.

**Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or function as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence.

Because you are the sole and exclusive judges of the facts, I do not mean to indicate, in this charge, or in any ruling during the trial, any opinion as to the facts or whether the Government has proven its case or as to what your verdict should be. Of course, you will dismiss from your mind completely any evidence which I have stricken from the case.

**Role of Attorneys**

Our courts operate under an adversarial system in which we hope that the truth will emerge through the competing presentations of adverse parties. It is the role of the attorneys to press as hard as they can for their respective positions. In fulfilling that role, they have not only the right, but the obligation, to make objections to the introduction of evidence they feel is improper. The application of the rules of evidence is not always clear, and lawyers often disagree. It has been my job as the judge to resolve these disputes. It is important for you to realize, however, that my rulings on evidentiary matters have nothing to do with the ultimate merits of the case, and are not to be considered as points scored for one side or the other.

During the course of the trial, there have been occasions for the attorneys to confer with me out of your hearing. In the interest of justice, and in order to expedite trial, it is perfectly proper that conferences be held here at the bench between counsel and the Court. You are not to muse or venture on what was being discussed and, likewise, you should have no resentment toward the attorney who requested the sidebar conference.

Similarly, one cannot help becoming involved with the personalities and styles of the attorneys, but it is important for you as jurors to recognize that this is not a contest among attorneys. You are to decide this case solely on the basis of the evidence. Remember, statements and characterizations of the evidence by the attorneys are not evidence. Insofar as you find their

closing arguments helpful, take advantage of them, but it is your memory and your evaluation of

the evidence in the case that controls.

### Presumption of Innocence and Burden of Proof

Although the defendant Lawrence Hoskins has been indicted, you must remember that an indictment is only an accusation. It is not evidence. The defendant has pleaded not guilty to all of the charges in the Indictment.

The law presumes the defendant to be innocent of the charges against him. The burden is on the Government to prove the guilt of the defendant beyond a reasonable doubt. This burden never shifts to the defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. I therefore instruct you that you must presume that the defendant is innocent throughout your deliberations until such time, if any, that you as a jury are satisfied that the Government has proved the defendant's guilt beyond a reasonable doubt.

In short, the defendant began the trial with a clean slate and no evidence against him and this presumption of innocence alone is sufficient to acquit him unless, after careful and impartial consideration of all the evidence in this case, you as jurors are unanimously convinced beyond a reasonable doubt of his guilt.

It is not required that the Government prove guilt beyond all possible doubt. A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion. And it is not sympathy. Proof beyond a reasonable doubt is sufficient to convict. Reasonable doubt is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully

10

weighing all of the evidence. It is a doubt which would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.

Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

If, after fair and impartial consideration of all of the evidence, you have a reasonable doubt on any element of any crime charged for the defendant, it is your duty to acquit him of that crime. On the other hand, if after fair and impartial consideration of all of the evidence you are satisfied of the defendant's guilt beyond a reasonable doubt, you should vote to convict him on that particular count.

(IF APPLICABLE: The defendant in this case has argued that he withdrew from the charged conspiracies prior to the beginning of the statute of limitations period.  As I will describe for you in more detail in a few moments, if you find that the Government has proved the charged conspiracies beyond a reasonable doubt, then the defendant has the burden to prove that he withdrew from the conspiracies, prior to the statute of limitations period, by a preponderance of the evidence.  I will explain to you what a preponderance means shortly.)

**"Prove" and "Find"**

You should understand that whenever I say that the Government has to "prove" a fact to you, I mean that it has to prove that fact to you beyond a reasonable doubt, as I just explained that term to you, even if I do not always repeat these exact words.

Similarly, when I say that you must "find" a fact in order to return a guilty verdict, you must find that fact to have been proved by the Government beyond a reasonable doubt, even if I simply use the word "find."

As I already instructed you, the defendant has no burden or duty to prove or disprove any element; the burden at all times is on the Government to prove guilt beyond a reasonable doubt.

(IF APPLICABLE: If you find that the Government has proven the elements of the charged conspiracies beyond a reasonable doubt, however, the defendant has the burden to prove that he withdrew from the conspiracies, prior to the beginning of the statute of limitations period, by a preponderance of the evidence, which I will explain to you in a few moments.)

## OFFENSES CHARGED

### Nature and Function of the Indictment

As I told you at the beginning of the trial, and I remind you now, the Indictment in this case is not evidence. It merely describes the charges the Government makes against the defendant Lawrence Hoskins. It is just an accusation and may not be considered by you as any evidence that the defendant is guilty of any of the crimes with which he is charged.

The Indictment contains twelve counts. You must consider each count separately and return a separate unanimous verdict of "guilty" or "not guilty" for each. Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to another offense charged.

Although it is necessary for the Government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in the Indictment, it is not necessary for the Government to prove that the offenses were committed precisely on the dates charged.

I refer to the Indictment in these instructions. You each have a copy of it, along with these instructions and a verdict form. Its text forms a part of these instructions as a specification of the Government's charges. I will now describe the elements of each of these charges.

## Count One – Conspiracy, 18 U.S.C. § 371[1]

Count One of the Indictment charges Lawrence Hoskins with conspiracy to violate the Foreign Corrupt Practices Act. In brief, the defendant is charged with entering into an unlawful agreement with others to pay bribes to certain Indonesian government officials in order that Indonesia would award Alstom Power Inc. with a contract to construct the Tarahan power plant, as is more fully alleged in the Indictment.

---

[1] Sand, Modern Federal Jury Instructions, Number 19-1.

**The Statute**

Count One of the Indictment, which I have just read to you, charges the defendant with violating § 371 of Title 18 of the United States Code.  That law, in relevant part, says the following:

> If two or more persons conspire . . . to commit any offense against the United States . . . , and one or more of such persons do any act to effect the object of the conspiracy, each [is guilty of an offense against the United States].

## Purpose of Statute[2]

In this case, the defendant is accused of having been a member of a conspiracy to violate a federal law.  A conspiracy is a kind of criminal partnership - a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy to violate a federal law is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."

Indeed, you may find the defendant guilty of the crime of conspiracy to commit an offense against the United States even though the substantive crime which was the object of the conspiracy was not actually committed.  Moreover, you may find the defendant guilty of conspiracy despite the fact that he himself was incapable of committing the substantive crime.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful.  This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

---

[2] Sand, Modern Federal Jury Instructions, Number 19-2.

**Elements of 18 U.S.C. § 371[3]**

In order to satisfy its burden of proof, government must establish the following five

essential elements beyond a reasonable doubt:

First, that two or more persons entered into the particular unlawful agreement charged in
the conspiracy count;

Second, that the defendant knowingly and willfully became a member of the conspiracy;

Third, that the defendant was an agent of a domestic concern;

Fourth, that one of the members of the conspiracy knowingly committed at least one of
the overt acts charged in the indictment; and

Fifth, that the overt act(s) which you find to have been committed was (were) committed
to further some objective of the conspiracy.

---

[3] Sand, Modern Federal Jury Instructions, Number 19-3.

17

## First Element: Existence of Agreement[4]

The first element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered into the unlawful agreement charged in the Indictment.

In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof. However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.

In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

---

[4] Sand, Modern Federal Jury Instructions, Number 19-4.

**Second Element: Membership in the Conspiracy**[5]

The second element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendant knowingly, willfully and voluntarily became a member of the conspiracy.

If you are satisfied that the conspiracy charged in the indictment existed, you must next ask yourselves who the members of that conspiracy were. In deciding whether the defendant whom you are considering was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly and willfully joined the conspiracy. Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective as an associate or worker?

As I mentioned a moment ago, before the defendant can be found to have been a conspirator, you must first find that he knowingly joined in the unlawful agreement or plan. The key question, therefore, is whether the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences which may be drawn from them.

The defendant's knowledge is a matter of inference from the facts proved. In that connection, I instruct you that to become a member of the conspiracy, the defendant need not have known the identities of each and every other member, nor need he have been apprised of all

---

[5] Sand, Modern Federal Jury Instructions, Number 19-6.

of their activities.  Moreover, the defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part. Furthermore, the defendant need not have joined in all of the conspiracy's unlawful objectives.

The extent of a defendant's participation has no bearing on the issue of a defendant's guilt.  A conspirator's liability is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times.

Some conspirators play major roles, while others play minor parts in the scheme.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

I want to caution you, however, that the defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy.  Similarly, mere association with one or more members of the conspiracy does not automatically make the defendant a member.  A person may know, or be friendly with, a criminal, without being a criminal himself.  Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient.  Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member.  More is required under the law.  What is necessary is that the

defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal undertaking.  He thereby becomes a knowing and willing participant in the unlawful agreement-- that is to say, a conspirator.

**Third Element: Agent of a Domestic Concern**

The third element which the government must prove beyond a reasonable doubt, to establish the offense of conspiracy, is that the defendant was an agent of a domestic concern. I will define "agent" and "domestic concern" later on, but you must find that the defendant acted as an agent of a domestic concern to find him guilty of conspiracy to violate the FCPA.

**Fourth Element: Commission of Overt Act**[6]

The fourth element which the government must prove beyond a reasonable doubt, to establish the offense of conspiracy, is that at least one of the overt acts charged in the indictment was knowingly committed by at least one of the conspirators, at or about the time and place alleged.

The indictment charges that a number of overt acts were committed in the District of Connecticut. In order for the government to satisfy this element, it is not required that all of the overt acts alleged in the indictment be proven.

Similarly, you need not find that the defendant in this case committed the overt act. It is sufficient for the government to show that one of the conspirators knowingly committed an overt act in furtherance of the conspiracy, since such an act becomes, in the eyes of the law, the act of all of the members of the conspiracy.

You are further instructed that the overt act need not have been committed at precisely the time alleged in the indictment. It is sufficient if you are convinced beyond a reasonable doubt, that it occurred at or about the time and place stated.

Finally, you must find that either the agreement was formed or that an overt act was committed in the District of Connecticut, which includes the entire area of the State of Connecticut.

---

[6] Sand, Modern Federal Jury Instructions, Number 19-7.

**Fifth Element: Commission of Overt Act in Furtherance of the Conspiracy**[7]

The fifth, and final, element which the government must prove beyond a reasonable doubt is that the overt act was committed for the purpose of carrying out the unlawful agreement.

In order for the government to satisfy this element, it must prove, beyond a reasonable doubt, that at least one overt act was knowingly and willfully done, by at least one conspirator, in furtherance of some object or purpose of the conspiracy, as charged in the indictment.  In this regard, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act.

Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme.  You are therefore instructed that the overt act does not have to be an act which, in and of itself is criminal or constitutes an objective of the conspiracy.

---

[7] Sand, Modern Federal Jury Instructions, Number 19-8.

**Object of the Conspiracy**[8]

The Indictment charges that the object of the conspiracy was to offer to pay, pay, promise to pay, or authorize the payment of money or anything of value to a foreign official for purposes of influencing any act or decision of such foreign official in his or her official capacity or securing any improper advantage in order to obtain or retain business. I will describe this offense in more detail in a moment.

---

[8] *United States v. Esquenazi*, No. 09-cr- 21010 (JEM) (S.D. Fla. Aug. 4, 2011) (Doc. 520 at 16), affirmed by *United States v. Esquenazi*, No. 11-15331, 2014 U.S. App. LEXIS 9096 (11th Cir. May 16, 2014).

## Withdrawal (IF APPLICABLE)[9]

The defendant has raised the defense that he withdrew from the conspiracy before

September 22, 2005, and that the statute of limitations ran out before the government obtained an

indictment charging him with the conspiracy.

---

[9] Sand, Modern Federal Jury Instructions, Number 19-10; Pattern Crim. Jury Instr. 6th Cir. 3.11C (2014); *Smith v. United States*, 133 S. Ct. 714, 721 (2013), ("[A] defendant's membership in the conspiracy, and his responsibility for its acts, endures even if he is entirely *inactive* after joining it….His individual change of heart (assuming it occurred) could not put the conspiracy genie back in the bottle.  We punish him for the havoc wreaked by the unlawful scheme, whether or not he remained actively involved.  It is his withdrawal that must be active, and it [is] his burden to show that." (emphasis in original)); *Hyde & Schneider v. United States*, 225 U.S. 347, 369 (1912) ("Having joined in an unlawful scheme, having constituted agents for its performance, scheme and agency to be continuous until full fruition be secured, until [the defendant] does some act to disavow or defeat the purpose he is in no situation to claim the delay of the law."); *United States v. Mandell*, 752 F.3d 544, 552 (2d Cir. 2014) ("[To establish withdrawal, the defendant] was required to present evidence of some affirmative action that he took to disavow or defeat the purpose of the conspiracy."); *United States v. Eppolito*, 543 F.3d 25, 49 (2d Cir. 2008) ("Where the government has presented sufficient evidence to show a conspiracy that has continuing purposes or goals, the burden is on the defendant to prove that the conspiracy was terminated or that he took affirmative steps to withdraw….For a defendant to show that he withdrew from the conspiracy, proof merely that he ceased conspiratorial activity is not enough. He must also show that he performed some act that affirmatively established that he disavowed his criminal association with the conspiracy, either the making of a clean breast to the authorities, or communication of the abandonment in a manner reasonably calculated to reach co-conspirators.  And the defendant must not take any subsequent acts to promote the conspiracy or receive any additional benefits from the conspiracy." (internal quotation marks and citations omitted)); *United States v. Paladino*, 401 F.3d 471, 479 (7th Cir. 2005) ("By communicating his withdrawal to the other members of the conspiracy, a conspirator might so weaken the conspiracy, or so frighten his conspirators with the prospect that he might go to the authorities in an effort to reduce his own liability, as to undermine the conspiracy… [the defendant] neither informed on the conspiracy so that the government could apprehend the other conspirators and by doing so prevent it from inflicting the losses that his own conduct had set the stage for, nor took any other measure to weaken the conspiracy; and so he remained liable for foreseeable losses inflicted by the conspiracy after his expulsion.").

The statute of limitations is a law that puts a limit on how much time the government has to obtain an indictment. This can be a defense, but the defendant has the burden of proving to you that he did in fact withdraw, and that he did so before September 22, 2005.

Once a person joins a conspiracy, that person remains a member until he withdraws from it. Any withdrawal must be complete and it must be done in good faith.

For a defendant to show that he withdrew from the conspiracy, proof merely that he ceased conspiratorial activity is not enough. He must also show that he performed some act that affirmatively established that he disavowed his criminal association with the conspiracy or an act that was intended to defeat the purpose of the conspiracy. The defendant may do this either by (1) making a clean breast to the authorities, or by (2) both severing ties with his co-conspirators and also communicating his abandonment of the criminal enterprise and its purpose in a manner reasonably calculated to reach co-conspirators. Where a defendant by his conspiratorial actions sets in motion events that are designed to have effect beyond his active participation, the defendant's affirmative act of withdrawal must be aimed at weakening or undermining the foreseeable consequences of his own participation in the conspiracy.

The defendant has the burden of proving that he withdrew from the conspiracy prior to the limitations period by a preponderance of the evidence. To prove something by a preponderance of the evidence means to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more convincing. In determining whether the defendant has proven that he withdrew from the conspiracy, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence regardless of who may have produced them. If the

evidence appears to be equally balanced, or if you cannot say upon which side it weighs heavier, you must resolve this question against the defendant.

However, it is important to remember that the fact that the defendant has raised this defense does not relieve the government of its burden of proving that there was an agreement, that defendant knowingly and voluntarily joined it, and that an overt act was committed. Those are things that the government still must prove beyond a reasonable doubt in order for you to convict defendant of the crime of conspiracy.

(IF APPLICABLE: The defense of withdrawal prior to the statute of limitations period is only a defense to the charged conspiracies – Count 1 and Count 8, which I will describe for you in a few moments. Therefore, even if you find that the defendant has proven by a preponderance of the evidence that he withdrew from the charged conspiracies prior to the statute of limitations period, this is not a defense to Counts 2 through 7 and Counts 9 through 12, which I will describe for you in a moment.)[10]

---

[10] The Government is cognizant of the Court's ruling that "[a] fully informed examination of the elements of the substantive crimes in light of the trial evidence is necessary for the Court to adequately" determine whether withdrawal is a defense to the substantive violations in this case. *See* Doc. 190 at 13. The Government expects the evidence at trial to support this proposed instruction, but will be prepared to brief this issue for the Court at the conclusion of the evidence.

**Counts Two through Seven – Foreign Corrupt Practices Act, 15 U.S.C. § 78dd-2[11]**

Counts Two through Seven of the Indictment charge Lawrence Hoskins with violating the Foreign Corrupt Practices Act.  In brief, the defendant is charged with paying, and aiding and abetting others to pay, consultants with the intent that the consultants would pay bribes to certain Indonesian government officials, in order that Indonesia would award Alstom Power Inc. with a contract to construct the Tarahan power plant, as is more fully alleged in the Indictment.

---

[11] Except as otherwise indicated, the proposed instructions for Counts Two through Seven, including all of the individual elements and definitions as set out in the next several pages, are adapted to the facts of this case from *United States v. Bourke*, No. 05-cr-518 (SAS) (S.D.N.Y. Jul. 8, 2009), affirmed by *United States v. Kozeny*, 667 F.3d 122 (2d Cir. 2011); *United States v. Esquenazi*, No. 09-cr- 21010 (JEM) (S.D. Fla. Aug. 4, 2011), affirmed by *United States v. Esquenazi*, No. 11-15331, 2014 U.S. App. LEXIS 9096 (11th Cir. May 16, 2014).

**The Statute**

Counts Two through Seven of the Indictment, which I have just read to you, charge the

defendant with violating § 78dd-2 of Title 15 of the United States Code.  That law, in relevant

part, says the following:

> It shall be unlawful for any domestic concern . . . or for any officer,
> director, employee, or agent of such domestic concern or any
> stockholder thereof acting on behalf of such domestic concern, to
> make use of the mails or any means or instrumentality of interstate
> commerce corruptly in furtherance of an offer, payment, promise
> to pay, or authorization of the payment of any money, or offer, gift,
> promise to give, or authorization of the giving of anything of
> value—
>
> (1) to any foreign official for purposes of—
>> (A)
>>> (i) influencing any act or decision of such foreign official in his
>>> official capacity,
>>>
>>> (ii) inducing such foreign official to do or omit to do any act in
>>> violation of the lawful duty of such official, or
>>>
>>> (iii) securing any improper advantage; or
>>
>> (B) inducing such foreign official to use his influence with a foreign
>> government or instrumentality thereof to affect or influence any act or
>> decision of such government or instrumentality,
>
> in order to assist such domestic concern in obtaining or retaining business for or
> with, or directing business to, any person;… or
>
> (3) to any person, while knowing that all or a portion of such money or thing of
> value will be offered, given, or promised, directly or indirectly, to any foreign
> official…for purposes of—

30

(A)

    (i) influencing any act or decision of such foreign official, political party, party official, or candidate in his or its official capacity,

    (ii) inducing such foreign official, political party, party official, or candidate to do or omit to do any act in violation of the lawful duty of such foreign official, political party, party official, or candidate, or

    (iii) securing any improper advantage; or

(B) inducing such foreign official, political party, party official, or candidate to use his or its influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality,

in order to assist such domestic concern in obtaining or retaining business for or with, or directing business to, any person.

## Elements of 15 U.S.C. § 78dd-2

In order to satisfy its burden of proof, the government must establish the following seven essential elements beyond a reasonable doubt:

First, the defendant is a "domestic concern," or an officer, director, employee, or agent of a "domestic concern," or a stockholder thereof acting on behalf of such domestic concern, concepts that I will define for you shortly;

Second, the defendant acted corruptly and willfully;

Third, the defendant made use of the mails or any means or instrumentality of interstate commerce in furtherance of an unlawful act under this statute, or aided and abetted another to do the same;

Fourth, the defendant offered, paid, promised to pay, or authorized the payment of money or of anything of value, or aided and abetted another to do the same;

Fifth, the payment or gift was to a foreign official or to any person, while the defendant knew that all or a portion of the payment or gift would be offered, given, or promised, directly or indirectly, to a foreign official;

Sixth, that the payment was for one of four purposes:

- to influence any act or decision of the foreign official in his or her official capacity;

- to induce the foreign official to do or omit to do any act in violation of that official's lawful duty;

- to induce that foreign official to use his or her influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality; or

- to secure any improper advantage; and

Seventh, the payment was made to assist the defendant, or another whom he aided and abetted, in obtaining or retaining business for or with, or directing business to, any person.

## First Element: "Domestic Concern"

The first element that the government must prove is that the defendant was a domestic concern, or an officer, director, employee, or agent of a domestic concern, or that he aided and abetted a domestic concern, or an officer, director, employee, or agent of a domestic concern. A "domestic concern" is: (a) any individual who is a citizen, national, or resident of the United States; or (b) any corporation, partnership, association, joint-stock company, business trust, unincorporated organization, or sole proprietorship which has its principal place of business in the United States, or which is organized under the laws of a State of the United States or a territory, possession, or commonwealth of the United States.

1. "Agent" defined[12]

An agent is a person who by agreement with another, called the principal, undertakes to represent the principal in performing some service for the principal. To be considered an agent, there must be a manifestation by the principal that the agent will act for the principal; the agent must accept the undertaking; and the parties must understand that the principal is in control of the undertaking. Such control need not be present at every moment, its exercise may be

---

[12] *See Cleveland v. Caplaw Enterprises*, 448 F.3d 518, 523 (2d Cir. 2006) (holding that the analysis of "control" and agency is "highly-factual and often nuanced," and that "the control asserted need not 'include control at every moment; its exercise may be very attenuated and, as where the principal is physically absent, may be ineffective.'" (quoting Restatement (Second) of Agency § 14 cmt. a.)); *Daimler AG v. Bauman*, 134 S. Ct. 746, 759 (2014) ("One may be an agent for some business purposes and not others so that the fact that one may be an agent for one purpose does not make him or her an agent for every purpose." (quoting 2A C. J. S. Agency § 43, p. 367 (2013))); *CutCo Indus. v. Naughton*, 806 F.2d 361, 366 (2d Cir. 1986) ("Under traditional agency law, joint participation in a partnership or joint venture establishes 'control' sufficient to make each partner or joint venturer an agent of the others.");

attenuated, and it may even be ineffective.  Joint participation in a partnership or joint venture establishes 'control' sufficient to make each partner or joint venturer an agent of the others.

Proof of agency need not be in the form of a formal agreement between agent and principal; rather, it may be inferred circumstantially and from the words and actions of the parties involved.

Finally, agency need only be found in connection with the specific events of this case; in other words, one may be an agent for some business purposes and not others.

## Second Element: "Corruptly" and "Willfully"

The second element that the government must prove is that the defendant acted corruptly and willfully.  An act is "corruptly" done if it is done voluntarily and intentionally, and with a bad purpose or evil motive of accomplishing either an unlawful end or result, or a lawful end or result but by some unlawful method or means.  The term "corruptly" in the FCPA is intended to connote that the offer, payment, or promise was intended to induce the foreign official to misuse his or her official position.

The term "willfully" means that the defendant committed the act voluntarily and purposely, and with knowledge that his conduct was, in a general sense, unlawful.  That is, the defendant must have acted with a bad purpose to disobey or disregard the law.  The government need not prove that the defendant was aware of the specific provision of the law that he is charged with violating or any other specific provision.

**Third Element: Use of the Mails or Instrumentality of Interstate Commerce**

The third element that the Government must prove is that the defendant made use of the mails or any means or instrumentality of interstate commerce in furtherance of an unlawful act under this statute, or aided and abetted another to do so.

The term "interstate commerce" means trade, commerce, transportation, or communication among the several States, or between any foreign country and any State or between any State and any place outside thereof, and such term includes the intrastate use of (a) a telephone or other interstate means of communication, or (b) any other interstate instrumentality. If such mechanisms as trade, transportation, or communication are utilized by persons and goods passing between the various states, they are instrumentalities of interstate commerce. I instruct you that, as a matter of law, using a U.S. bank constitutes the use of a means or instrumentality of interstate commerce. So if you find that such a thing occurred, you may find that this element has been proved.

**Fourth Element: Promise to Pay**

As I previously told you, the fourth element that the government must prove beyond a reasonable doubt for you to convict a defendant of violating the FCPA is that the defendant offered, paid, promised to pay, or authorized the payment of money or of anything of value, or aided and abetted another to do the same.  It is not required that the payment actually be made. A promise to pay and the authorization of payment are each also prohibited by the FCPA. Indeed, a domestic concern, or an officer, employee, or agent of a domestic concern, that engages in bribery of a foreign official indirectly through any other person or entity is liable under the FCPA, just as if the person had engaged in the bribery directly.  Thus, if you find that a defendant was an agent of a domestic concern, and that he authorized another person to pay a bribe, that authorization alone is sufficient for you to find that this element has been proven.

To repeat, it is not necessary that the payment actually take place.  Instead, it is the offer or the authorization that completes the crime.  You may find this element satisfied if you find that the defendant promised or authorized an unlawful payment, or aided and abetted another to do so, even if you believe that the payment was not actually made.  It is sufficient simply if the defendant believed that a bribe would be paid and that he promised or authorized the bribe to be paid, or aided and abetted another to do so.

### Fifth Element: Payments to Foreign Officials

The fifth element the government must prove is that the offer to pay, payment, promise to pay, or authorization of payment was to a foreign official or to any person, while the defendant knew that all or a portion of the payment or gift would be offered, given, or promised, directly or indirectly, to a foreign official.

1. "Knowing" Defined

For the purposes of this section, a person's state of mind is "knowing" with respect to conduct, a circumstance, or a result if (a) such person is aware that such person is engaging in such conduct, that such circumstance exists, or that such result is substantially certain to occur; or (b) such person has a firm belief that such circumstance exists or that such result is substantially certain to occur. A person is deemed to have such knowledge if the evidence shows that he or she was aware of a high probability of the existence of such circumstance, unless he or she actually believes that such circumstance does not exist.

2. "Foreign Official" defined

The term "foreign official" means any officer or employee of a foreign government or any department, agency, or instrumentality thereof, or any person acting in an official capacity for or on behalf of any such government or department, agency, or instrumentality.

3. "Instrumentality" defined

The defendant has been charged with offering, promising, or authorizing the payment of bribes to a member of the Indonesian Parliament, as well as employees of Perusahaan Listrik Negara ("PLN"), or aiding and abetting others to do the same.

With respect to the employees of PLN, in order for you to find them to be foreign officials, you must find that PLN was a government instrumentality. An "instrumentality" of a foreign government is an entity controlled by the government of a foreign country that performs a function the controlling government treats as its own. State-owned or state-controlled companies that provide services to the public may meet this definition.

To decide if PLN is an "instrumentality" of the government of Indonesia, you may consider the following factors as they existed during the relevant time period:

a)      whether the Indonesian government has a majority interest in PLN;

b)      the circumstances surrounding PLN's creation;

c)      whether PLN provides services to the citizens and inhabitants of Indonesia;

d)      the degree to which the Indonesian government effectuates certain national policies or priorities through PLN;

e)      whether PLN's key officers or directors are government officials or are appointed by government officials;

f)      whether the government has the power to fire key officers or directors;

g)      whether PLN has a monopoly over the functions it exists to carry out;

h)      the degree to which PLN is subject to government controls and oversight, including with regard to fiscal matters and conduct of public officials;

i)      PLN's obligations and privileges under Indonesian law;

j)      Indonesia's characterization of PLN and its employees;

k)      whether PLN is widely perceived and understood to be performing official or government functions; and

a)      the length of time these indicia have existed.

These factors are not exclusive, and no single factor will determine whether PLN is an instrumentality of Indonesia.  In addition, you do not need to find that all the factors listed above weigh in favor of PLN being an instrumentality in order to find that PLN is an instrumentality.

**Sixth Element: Purposes of Payments**

Sixth, the Government must prove that the payment was for one of four purposes:

- To influence any act or decision of the foreign official in his or her official capacity;

- To induce the foreign official to do or omit to do any act in violation of that official's lawful duty;

- To induce that foreign official to use his or her influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality; or

- To secure any improper advantage.

**Seventh Element: Payments for Obtaining or Retaining Business**

Seventh, the Government must prove that the payment was made to assist a domestic concern in obtaining or retaining business for or with, or directing business to, any person.

It is not necessary for the government to prove that the domestic concern itself actually obtained or retained any business whatsoever as a result of an unlawful offer, payment, promise, or gift.  Moreover, the FCPA's prohibition of corrupt payments to assist in obtaining or retaining business is not limited to the obtaining or renewal of contracts or other business, but also includes a provision against corrupt payments related to the execution or performance of contracts or the carrying out of existing business.

**Solicitation of Bribe Not a Defense – Explained**

It does not matter who suggested that a corrupt offer, payment, promise or gift be made. The Act prohibits any offer, promise, authorization, payment or gift intended to influence the recipient, regardless of who first suggested it.  It is not a defense that the offer, promise, or payment was demanded on the part of a government official as a price for continuing to do business or other benefit or that the business may be harmed if the payment is not made.  That the offer to pay, payment, promise to pay, or authorization of payment may have been first suggested by the recipient is not deemed an excuse for a defendant's decision to make a corrupt payment, nor does it alter the corrupt purpose with which the offer to pay, payment, promise to pay, or authorization of payment was made.

**Count Eight – Conspiracy to Launder Money, 18 U.S.C. § 1956(h)[13]**

Count Eight of the Indictment charges Lawrence Hoskins with conspiring to launder money. In brief, the Indictment charges that Mr. Hoskins conspired with others to (1) move money from inside the United States to outside of the United States in order to bribe certain Indonesian officials, and (2) move more than $10,000 of proceeds from the unlawful bribery scheme through federally insured financial institutions, as is more fully described in the Indictment.

---

[13] The proposed instructions for Count Eight, including all of the individual elements and definitions as set out in the next several pages, are adapted from *United States v. Bourke*, No. 05-cr-518 (SAS) (S.D.N.Y. Jul. 8, 2009), affirmed by *United States v. Kozeny*, 667 F.3d 122 (2d Cir. 2011).

**The Statute**

Count Eight of the Indictment, which I have just read to you, charges the defendant with violating § 1956(h) of Title 18 of the United States Code. That law, in relevant part, says the following:

> Any person who conspires to commit any offense defined in this section or section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

### Elements of 18 U.S.C. § 1956(h)

In order to satisfy its burden of proof, government must establish the following two essential elements beyond a reasonable doubt:

First, that two or more persons entered into the unlawful agreement charged in Count Eight; and

Second, that the defendant knowingly, willfully, and voluntarily became a member of that conspiracy.

I instructed you regarding these two elements in my instructions for Count One. Those same instructions apply here.

46

**Overt Act Need Not Be Proven**

With respect to the conspiracy to launder money charged in Count Eight, which is different than the conspiracy charged in Count One, you need not find that an overt act was committed in furtherance of the conspiracy.

**Agency Need Not Be Proven**

Also, with respect to the conspiracy to launder money charged in Count Eight, which is different than the conspiracy charged in Count One, you do not need to find that the defendant acted as an agent of a domestic concern. Even if the defendant was not an agent of a domestic concern, you can still find him guilty of the conspiracy charged in Count Eight.

## Objects of the Conspiracy

The Indictment charges two objects of the conspiracy to launder money. The first is international money laundering in violation of 18 U.S.C. § 1956(a)(2)(A). The second is laundering proceeds in amounts greater than $10,000 in violation of 18 U.S.C. § 1957.

International money laundering makes it a crime to transfer or transmit money from a place inside the United States to a place outside the United States with the intent to promote the carrying on of a specified unlawful activity. I will describe this statute in more detail in a moment.

Section 1957 of Title 18, United States Code, makes it a crime to knowingly engage or attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000. Specifically, section 1957 provides:

> Whoever . . . knowingly engages or attempts to engage in a monetary transaction in criminally derived property that is of a value greater than $10,000, and is derived from specified unlawful activity [and does so either] in the United States or in the special maritime and territorial jurisdiction of the United States [or] outside the United States and such special jurisdiction but the defendant is a United States person [commits a crime].

The following are the elements of 18 U.S.C. § 1957. Again, it is not necessary for the Government to have proven the following elements. I describe the elements here because they will aid you in your determination of whether the Government has sustained its proof with respect to this Count – conspiracy to launder money:

> First, that the defendant engaged (or attempted to engage) in a monetary transaction in or affecting interstate commerce.

> Second, that the monetary transaction involved criminally derived property of a value greater than $10,000.

> Third, that the property was derived from specified unlawful activity.

49

Fourth, that the defendant acted knowingly that is, with knowledge that the transaction involved proceeds of a criminal offense.

Fifth, that the transaction took place in the United States (or the defendant is a United States person).

**Counts Nine through Twelve – International Money Laundering,
18 U.S.C. § 1956(a)(2)(A)[14]**

Counts Nine through Twelve of the Indictment charge Lawrence Hoskins with unlawfully transporting (or attempting to transport) funds or monetary instruments to or from the United States, and aiding, abetting, or causing others to do so, in violation of Title 18, United States Code, section 1956(a)(2)(A).  In brief, the Indictment charges the defendant with four instances of causing, aiding, and abetting Pirooz Sharafi, identified in the Indictment as "Consultant A," to send money from a bank account in Maryland to a bank account in Indonesia for the purpose of paying Emir Moeis, identified in the Indictment as Official A.

---

[14] Sand, Modern Federal Jury Instructions, Number 50A-11.

**The Statute**

Counts Nine through Twelve of the Indictment, which I have just read to you, charge the

defendant with violating § 1956(a)(2)(A) of Title 18 of the United States Code.  That law, in

relevant part, says the following:

> Whoever transports, transmits, or transfers, or attempts to
> transport, transmit, or transfer a monetary instrument or funds from
> a place in the United States to or through a place outside the
> United States or to a place in the United States from or through a
> place outside the United States with the intent to promote the
> carrying on of specified unlawful activity. . . [is guilty of an
> offense against the United States].

**Elements of 18 U.S.C. § 1956(a)(2)(A)[15]**

In order to prove the crime of unlawful transportation of funds or monetary instruments with the intent to promote the carrying on of specified unlawful activity in violation of section 1956(a)(2)(A), the government must establish beyond a reasonable doubt each of the following two elements:

First, that the defendant transported (or attempted to transport) a monetary instrument or funds from a place in the United States to or through a place outside the United States (or to a place in the United States from or through a place outside the United States) or aided and abetted another to do the same.

Second, that the defendant did so with the intent to promote the carrying on of specified unlawful activity.

---

[15] Sand, Modern Federal Jury Instructions, Number 50A-12.

### First Element Explained[16]

The first element which the government must prove beyond a reasonable doubt is that the defendant transported (or attempted to transport) a monetary instrument or funds from a place in the United States to or through a place outside the United States, or aided and abetted another to do the same.

The term "monetary instrument" means coin or currency of the United States or of any other country, travelers' checks, personal checks, bank checks, money orders, investment securities in bearer form or otherwise in such form that title thereto passes upon delivery, and negotiable instruments in bearer form or otherwise in such form that title thereto passes upon delivery.

The term "funds" refers to money or negotiable paper which can be converted into currency.

"Transportation" is not a word which requires a definition; it is a word which has its ordinary, everyday meaning.  The government need not prove that the defendant physically carried the funds or monetary instrument in order to prove that he is responsible for transporting it.  All that is required is proof that the defendant caused the funds or monetary instrument to be transported.

To satisfy this element, the government must also prove that the funds or monetary instruments were transported from somewhere in the United States to or through someplace outside the United States.

---

[16] Sand, Modern Federal Jury Instructions, Number 50A-13.

**Second Element Explained**[17]

The second element which the government must prove beyond a reasonable doubt is that the defendant acted with intent to promote the carrying on of specified unlawful activity, namely violating the Foreign Corrupt Practices Act.

To act intentionally means to act deliberately and purposefully, not by mistake or accident, with the purpose of promoting, facilitating or assisting the carrying on of a violation of the Foreign Corrupt Practices Act. If you find that the defendant acted with the intention or deliberate purpose of promoting, facilitating, or assisting in the carrying on of a violation of the Foreign Corrupt Practices Act, then the second element is satisfied.

As with Count Eight – the conspiracy to launder money – you do not need to find that the defendant acted as an agent of a domestic concern in order to find him guilty of Counts Nine through Twelve. Even if the defendant was not an agent of a domestic concern, you can still find him guilty of engaging in money laundering to promote the carrying on of an FCPA violation.

---

[17] Sand, Modern Federal Jury Instructions, Number 50A-14.

**Aiding and Abetting**[18]

You have heard me use the phrase "aiding and abetting" several times. The Indictment also charges the defendant with aiding and abetting the Foreign Corrupt Practices Act violations in Counts Two through Seven and the money laundering violations in Counts Nine through Twelve. The aiding and abetting statute, section 2(a) of Title 18 of the United States Code, provides that:

Whoever commits an offense against the United States or aids or abets or counsels, commands or induces, or procures its commission, is punishable as a principal.

Under the aiding and abetting statute, it is not necessary for the government to show that the defendant himself physically committed the crime with which he is charged in order for the government to sustain its burden of proof. A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.

Accordingly, you may find a defendant guilty of the offense charged if you find beyond a reasonable doubt that the government has proven that another person actually committed the offense with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the offense.

As you can see, the first requirement is that you find that another person has committed the crime charged. Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a

---

[18] Sand, Modern Federal Jury Instructions, Number 11-1 and 11-2.

crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that a defendant knowingly and willfully associated himself in some way with the crime, and that he participated in the crime by doing some act to help make the crime succeed.

To establish that a defendant knowingly associated himself with the crime, the government must establish that the defendant had the mental state required for the principle offense.

To establish that a defendant participated in the commission of the crime, the government must prove that the defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.

Participation in a crime is willful if done voluntarily and intentionally, and with the specific intent to do something which the law forbids or with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime, is not sufficient to establish aiding and abetting. One who has knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and act in a way which is intended to bring about the success of the criminal venture.

To determine whether the defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

Did he participate in the crime charged as something he wished to bring about?

Did he knowingly associate himself with the criminal venture?

Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense. If, on the other hand, your answers to any one of these questions is "no," then the defendant is not an aider and abettor, and you must find him not guilty.

In order to find that the defendant aided and abetted Counts Two through Seven – violating the FCPA – you must find that the defendant was an agent of a domestic concern. However, in order to find that the defendant aided and abetted Counts Nine through Twelve – the money laundering violations – you do not need to find that the defendant was an agent of domestic concern. You can find that he aided and abetted a violation of those counts, and therefore guilty of those counts, even if he was not an agent of a domestic concern.

## Conspiracy Liability Guilty of the Substantive Offense[19]

There is another method by which you may evaluate the possible guilt of the defendant for the substantive charges in the indictment even if you do not find that the government has satisfied its burden of proof with respect to each element of the substantive crime.

If, in light of my instructions, you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in Count One of the indictment, and thus, guilty on the conspiracy count, then you may also, but you are not required to, find him guilty of the substantive crime charged against him in Counts Two through Seven, provided you find, beyond a reasonable doubt, each of the following elements:

First, that the crime charged in the substantive count was committed;

Second, that the person or persons you find actually committed the crime were members of the conspiracy you found to have existed;

Third, that the substantive crime was committed pursuant to the common plan and understanding you found to exist among the conspirators;

Fourth, that the defendant was a member of that conspiracy at the time the substantive crime was committed;

Fifth, that the defendant could have reasonably foreseen that the substantive crime might be committed by his co-conspirators.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find the defendant guilty of violating the Foreign Corrupt Practices Act, even though he did not personally participate in the acts constituting the crime or did not have actual knowledge of it.

---

[19] Sand, Modern Federal Jury Instructions, Number 19-13.

The same is true with respect to the money laundering counts. If, in light of my instructions, you find beyond a reasonable doubt that the defendant conspired to commit international money laundering, as described in my instructions regarding Count Eight of the indictment, then you may also, but you are not required to, find him guilty of the substantive crime charged against him in Counts Nine through Twelve, provided you find, beyond a reasonable doubt, the five elements I just read are met.

The reason for this rule is simply that a co-conspirator who commits a substantive crime pursuant to a conspiracy is deemed to be the agent of the other conspirators. Therefore, all of the co-conspirators must bear criminal responsibility for the commission of the substantive crimes.

If, however, you are not satisfied as to the existence of any of these five elements, then you may not find the defendant guilty of the substantive crime, unless the government proves, beyond a reasonable doubt, that the defendant personally committed, or aided and abetted the commission of, the substantive crime charged.

**Conscious Avoidance: Deliberately Closing Eyes (IF APPLICABLE)[20]**

You have heard me use the words "knowing" or "knowingly" several times to describe the required mental state the defendant must have possessed in order to be found guilty of the particular crime. In determining whether the defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him. If you find beyond a reasonable doubt that the defendant acted with (or that the defendant's ignorance was solely and entirely the result of) a conscious purpose to avoid learning the truth (e.g., that a particular statement was false), then this element may be satisfied. However, guilty knowledge may not be established by demonstrating that the defendant was merely negligent, foolish or mistaken.

If you find that the defendant was aware of a high probability that (e.g., the statement was false) and that the defendant acted with deliberate disregard of the facts, you may find that the defendant acted knowingly. However, if you find that the defendant actually believed that (e.g., the statement was true), he may not be convicted.

It is entirely up to you whether you find that the defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

---

[20] Sand, Modern Federal Jury Instructions, Instruction 3A-2.

## GUIDELINES FOR DELIBERATION

### The Government as a Party

You are to perform the duty of finding the facts without bias or prejudice as to any party and with an attitude of complete fairness and impartiality.

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded to any other party to the litigation. By the same token, it is entitled to no less consideration. All parties, whether the Government or individuals, stand equal before the law and are to be dealt with as equals in a court of justice. However, it is the Government that bears the burden of proving Mr. Hoskins guilty beyond a reasonable doubt of the crimes charged.  (IF APPLICABLE: If you find that the Government has satisfied its burden, the defendant has the burden to prove that he withdrew from the charged conspiracies, prior to the statute of limitations period, by a preponderance of the evidence.)

**Possible Punishment**

The question of possible punishment of the defendant is of no concern to you and should not, in any sense, enter into or influence your deliberations. The duty of imposing a sentence rests exclusively upon the Court. Your function is to weigh the evidence in the case and to determine whether or not the Government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

**Sympathy**

Similarly, under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial, central question that you must ask yourselves as you sift through the evidence is: Has the Government proved the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the Government has met its burden of proof on each of the crimes charged based only on the evidence introduced and subject to the law as I charge you in these instructions. If you let fear, prejudice, bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

**Inference Defined**

During the trial, as well as in these instructions, you have heard the term "inference," and you have been asked to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact which you know exists.

There are times when different inferences may be drawn from the same facts.  The Government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but are not required to draw—from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense, and you may draw such reasonable inferences from the facts as you find to be justified in light of your experience. Whatever inferences you may draw, however, must taken together meet the standard of beyond a reasonable doubt as to each element of the crimes charged.

### What is and What is Not Evidence

The evidence in this case is the sworn testimony of the witnesses, regardless of who may have called them, and the exhibits received in evidence, regardless of who may have produced them. What the lawyers have said in their questions, in their objections, or what they may say in closing arguments, is not evidence. It is the witnesses's answers that are evidence. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and then asked the witness if that statement was true. If the witness agreed with it, you may find those facts to be true, but you may not consider it to be true simply because it was in the lawyer's question. You may not consider any answer that I directed you to disregard or that I directed struck from the record. You should also disregard evidence as to which an objection was sustained.

Arguments or statements by lawyers are not evidence because the lawyers are not witnesses and have no personal knowledge of the facts in this case or whether witnesses were testifying truthfully or not. What they say to you in their closing arguments is intended to help you understand the evidence from their viewpoint in reaching your verdict. However, if your recollection of the facts differs from the lawyers's statements, it is your recollection that controls.

Further, anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded. In addition, materials used only to refresh a

witness's recollection are not evidence, but if recollection is refreshed from those materials, such testimony is evidence.

Moreover, what I may have said during the trial or what I may convey in these instructions is not evidence and my rulings on the admissibility of evidence do not, unless I expressly gave you a specific limiting instruction, indicate the weight or effect of such evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and to the exhibits you have seen.

## Types of Evidence

There are two types of evidence which you may properly use in deciding whether the Government has or has not proven that the Defendant is guilty beyond a reasonable doubt.

One type of evidence is called direct evidence. Direct evidence is a witness' testimony as to what he or she saw, heard, or observed. In other words, when a witness testifies about what is known to him or her of his or her own knowledge by virtue of his or her own senses—what he or she sees, feels, touches, or hears—that is called direct evidence.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. You infer on the basis of reason and experience and common sense from an established fact whether or not some other fact has been proven.

Circumstantial evidence is of no less value than direct evidence. The law makes no distinction between direct and circumstantial evidence, and as I have explained before, you must be satisfied with the Defendant's guilt beyond a reasonable doubt from all of the evidence in the case.

Speculation, guesswork or intuition cannot be substituted for proof. You must be satisfied beyond a reasonable doubt from the evidence, whether it be direct or circumstantial, that the Defendant committed the crimes set forth in the Indictment, that is, every element of the crimes charged, as I described them to you.

### Acts and Declarations of Co-Conspirators[21]

You will recall that I have admitted into evidence against the defendant the acts and statements of others because these acts and statements were committed by persons who, the government charges, were also confederates or co-conspirators of the defendant on trial.  The reason for allowing this evidence to be received against the defendant has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime.

Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.

If you find, beyond a reasonable doubt, that the defendant whose guilt you are considering was a member of one or both of the conspiracies charged in the indictment, then, any acts done or statements made in furtherance of that conspiracy by persons also found by you to have been members of that conspiracy, may be considered against that defendant.  This is so even if such acts were done and statements were made in the defendant's absence and without his knowledge.

---

[21] Sand, Modern Federal Jury Instructions, Number 19-9.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of a defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme.  If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, they may be considered by you as evidence only against the member who did or said them.

## Stipulations (IF APPLICABLE)

While we were hearing evidence, you were told that the Government and the defendant agreed or stipulated to certain facts.  This is known as a stipulation of fact.  This means simply that each side accepts those facts. There is no need for evidence by either side on these points. You must accept the stipulations as facts that have been conclusively proved, even though nothing more was said about it one way or the other. The fact that the Government and the defendant have stipulated to or agreed to certain facts should not be viewed by you as any admission of any criminal wrongdoing.

**Witnesses**

You have had an opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. As I have said, you are the sole judges of the credibility of each witness and of the weight to be given to his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues in the face of the very different pictures painted by the Government and by the defense.  In deciding whether the Government has met its burden of proof, you will be making judgments about the testimony of the witnesses you have listened to and observed. In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. Was the witness candid, frank and forthright? Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness's testimony contradictory?  Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness's bias.

Does the witness have a relationship with the Government or with the defendant that may have affected how he or she testified? Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth; or, does the witness have some bias, prejudice or hostility that may have caused the witness—consciously or not—to give you something other than a completely accurate account of the facts he or she testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about. You should also consider the witness's ability to express him or herself. Ask yourselves whether the witness's recollection of the facts stands up in light of all other evidence. Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident may see or hear it differently; innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

If you find that a witness has knowingly testified falsely concerning any matter, you have a right to distrust the testimony of such an individual concerning other matters. You may reject all the testimony of that witness or give it such weight or credibility as you may think it deserves.

You are not required to accept testimony even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor or because of the inherent improbability of his or her testimony or for other reasons sufficient to you, that such testimony is not worthy of belief.

The testimony of a single witness may be sufficient to convince you beyond a reasonable doubt of the existence of an essential element of an offense charged, if you believe that the witness has truthfully and accurately related what in fact occurred. Conversely, the testimony of a single witness may produce in your minds reasonable doubt as to the existence of an essential element of an offense.

You must decide what is the most accurate, credible, trustworthy, and reliable evidence. The weight of the evidence as to a particular fact is not necessarily determined by the number of witnesses or exhibits, nor by which party produced the most witnesses or exhibits. It is the quality of the evidence that supports a finding as to a particular fact that should control.

In sum, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the information and explanations given, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her testimony. In deciding questions of credibility, remember that you should use your common sense, your good judgment, and your experience.

## Law Enforcement Witnesses (IF APPLICABLE)

You have heard the testimony of law enforcement officials. The fact that a witness may be employed by the federal government, state government, or local government as a law enforcement office does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for either side to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.[22]

---

[22] Sand, Modern Federal Jury Instructions (Criminal), Instruction 7-16, as adapted.

**Expert Testimony (IF APPLICABLE)**

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you. As with the testimony of any other witness, you may decide to accept all, some, or none of the testimony of any expert witness.[23]

---

[23] Sand, Modern Federal Jury Instructions (Criminal), Instruction 7-21, as adapted.

### Cooperating and Immunized Witnesses[24]

You have heard the testimony of witnesses who have been promised certain benefits in exchange for testifying truthfully, completely, and fully.  For one of those witnesses, the benefit was that he will not be prosecuted for any crimes that he may have admitted either here in court or in interviews with the prosecutors. This promise was not a formal order of immunity by the court, but was arranged directly between the witness and the government.  For others of those witnesses, you have heard testimony that they pled guilty after entering into an agreement with the Government.  In exchange for their truthful testimony, the Government promised to bring those witnesses' cooperation to the attention of the sentencing court.

The Government is permitted to enter into these kinds of agreements. I instruct you that there is nothing improper in the Government's use of cooperating witnesses. You should not concern yourselves with how you personally feel about the use of such witnesses, because that is really beside the point.  Put another way, your task is to decide whether the Government has

---

[24] This instruction is drawn on instructions given in *United States v. Moody*, 3:09CR86(JBA) (Doc. 181) (p. 47), Sand, Modern Federal Jury Instructions, Instruction s 7-9 and 7-11, as adapted.  It combines into one item cautionary instructions regarding witnesses testifying under cooperation agreements and those testifying under informal immunity agreements.  *See United States v. Gonzalez*, 441 Fed. Appx. 31, 37 (2d Cir. 2011)  ("The district court instructed the jury to scrutinize the testimony of each witness, to consider whether the witness has a relationship with the government that might affect his or her testimony, and to particularly scrutinize the testimony of cooperating witnesses. This was sufficient to flag Franco's possible motivations for the jury's consideration."); *United States v. Vaughn*, 430 F.3d 518, 523-24 (2d Cir. 2005) ("district courts need only fairly put the issue of a cooperating witness's possible motivations to the jury for its consideration and need not over-emphasize the obvious - that cooperators may have an interest in currying favor with the prosecutor that could affect the substance of their testimony. As long as district courts intelligibly identify a cooperating witness's possible motivations for the jury's consideration, the cautionary charge given to the jury regarding a cooperating witness's testimony is sufficient.")

proved the guilt of the Defendant beyond a reasonable doubt, regardless of whether evidence was obtained by the use of a cooperating witness. You, in turn, may accept the testimony of such a witness and convict the Defendant on the basis of this testimony, if it convinces you of the Defendant's guilt beyond a reasonable doubt.

Copies of these agreements have been offered as evidence. The agreements are largely self-explanatory and I will not attempt to summarize them for you.

You should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any ordinary witness, and may have an interest in currying favor with the prosecutor that could affect the substance of his or her testimony. You must examine his or her testimony with caution and weigh it with great care. If, after scrutinizing his or her testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

You have also heard testimony and argument about the nature and effect of the plea and cooperation agreements and an immunity agreement. That testimony and argument in large measure concerned the witness's motivation to testify and his or her understanding of the agreements. Your sole concern, however, is to evaluate the witness's credibility, a matter on which I have just instructed you.

## Consideration of a Guilty Plea[25]

You have heard testimony from Government witnesses that they pleaded guilty to charges arising out of the same facts as this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the Defendant Lawrence Hoskins simply from the fact that a prosecution witness pled guilty to a charge against him or her. That witness's decision to plead guilty was a personal decision about his or her own guilt. Apart from the testimony that witness gave, the simple fact of his or her guilt may not be used by you in any way as evidence against or unfavorable to the Defendant on trial here.

---

[25] Sand, Modern Federal Jury Instructions, Instruction 7-10.

**Uncalled Witnesses (IF APPLICABLE)**

*Equally Available Witnesses*

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify. I instruct you that each party had an equal opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should remember that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

*Equally Unavailable Witnesses*

During the course of the trial, there has been reference to persons who did not testify. For reasons that are not your concern, neither party in this case had the opportunity to obtain those individuals's testimony for this trial. Therefore, you should not draw any inferences or reach any conclusions either favorable or unfavorable, as to either party, from any of their failure to testify. Their absence should not affect your judgment in any way.

**Defendant's Right Not to Testify (IF APPLICABLE)**

The defendant has the right to refrain from giving testimony of his own. Under our Constitution, a defendant has no obligation to testify or to present any other evidence, because it is the prosecution's burden to prove his guilt beyond a reasonable doubt. A defendant is never required to prove that he is innocent.

You may attach no significance to the fact that the defendant did not testify. No adverse inference may be drawn by you because he did not take the witness stand. You may not consider this against the defendant under consideration in any way in your deliberations in the jury room.

**Defendant's Testimony (IF APPLICABLE)**

In a criminal case, a defendant has the constitutional right to remain silent at his trial.  No defendant can be required to testify, but a defendant can choose to testify, if he so desires.  In this case, Mr. Hoskins decided to testify.  You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case, and you should not disregard or disbelieve his testimony simply because he is the defendant in this case.

**Specific Investigative Techniques Not Required**

You are instructed that there is no legal requirement that the Government use any specific investigative techniques to prove its case. Law enforcement *techniques* are not your concern. Nor is it your concern whether or why certain persons have or have not been arrested or called as witnesses.

The law does not require calling as witnesses all persons who may have been involved in the case, or who may appear to have some knowledge of the issues in the case. Nor does the law require that all things mentioned during the course of the trial be produced as exhibits. Your verdict must be based only on the evidence that has been presented and the witnesses who have testified, from which you must determine whether the Court has proved the defendant guilty beyond a reasonable doubt.

### Impeachment by Prior Inconsistent Statement

You have heard evidence that witnesses made statements on earlier occasions which counsel argues is inconsistent with that witness's trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the defendant's guilt. Evidence of the prior inconsistent statement was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of that witness. If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any weight to be given to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

86

## CONCLUSION AND FINAL INSTRUCTIONS

I have now concluded the instructions relating to the specific claims in this case. In closing, I must add a few more general instructions concerning your deliberations. You were permitted to take notes during the course of the trial. Any notes you have taken should be used only as memory aids; do not give your notes precedence over your independent recollection of the evidence. If you did not take notes, you should rely on your own recollection of the proceedings and should not be influenced by the notes of other jurors. Your notes are not evidence and should not be shared.

I remind you that in order for you to find the defendant guilty on any count, the Government must prove all essential elements of that count beyond a reasonable doubt as already explained in these instructions. If the Government succeeds, your verdict should be "guilty" on that count; if it fails, your verdict must be "not guilty" on that count. In order to return a verdict, it is necessary that each juror agree with and to it—your verdict must be unanimous.

Each of you must make your own decision, but you must consider impartially all the evidence and the views of your fellow jurors. It is your duty to consult with one another and to deliberate with a view toward reaching an agreement if you can do so consistent with the individual judgment of each juror. Until a verdict is agreed to by each juror, it is not a

unanimous verdict. Remember at all times that you are not partisan, rather you are the judges of the facts and your sole interest is to seek the truth from the evidence in the case.

In the course of your deliberations, do not hesitate to re-examine your individual view, or to change your opinion, if the deliberations and the views of your fellow jurors convince you it is erroneous. However, you should not surrender your honest convictions as to the facts as you find them or as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Your final vote must reflect your conscientious conviction as to how the issues should be decided. Your verdict, whether guilty or not guilty, must be unanimous.

If you take a vote and it is not unanimous, you have not reached a final decision one way or another. If, at any time you take an inconclusive vote—a vote that is not unanimous—the vote is just that: inconclusive. If, in the final analysis, you are not able to reach a unanimous vote on one or more of the counts, you will not be able to find the defendant either "guilty" or "not guilty" on that count. In the event of an inconclusive vote on the count, there is no decision and no report on the verdict form. The result would then be a "hung jury" with respect to that count and that count would have to be retried before another jury.

Upon retiring to the jury room you should first elect one among you to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court. After you have retired to begin your deliberation, you are not to leave your jury room without

first notifying the marshal, who will escort you. No deliberation may take place without all jurors being present.

You will take the verdict form provided to you into the jury room and answer the questions asked. When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answers, date and sign the verdict form. Then inform the marshal that you have reached a verdict.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

You are about to go into the jury room to begin your deliberations. You will have the exhibits with you. If you want any of the testimony read, you must request that. Please remember that it is not always easy to locate what you might want, so be as specific as possible in your request. Your requests for testimony and, in fact, any communication with the Court should be made to me in writing, signed by your foreperson, and given to one of the marshals. I will respond to your request as promptly as possible either in writing or by having you return to the

courtroom so that I can address you orally. But I must caution you that in your communications with the Court you should never specify your numerical division at any time.

It is proper to add a final caution. Nothing that I have said in these instructions—and nothing that I have said or done during the trial—has been said or done to suggest to you what I think your verdict should be. What the verdict shall be is your exclusive duty and responsibility.

Thank you.

## **CERTIFICATION OF SERVICE**

I hereby certify that on March 1, 2019, a copy of the foregoing was filed electronically, and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


    /s/
DAVID E. NOVICK
ASSISTANT UNITED STATES ATTORNEY