UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:12CR238 (JBA) |
| v. | |
| LAWRENCE HOSKINS | November 2, 2019 |

**GOVERNMENT'S REPLY IN FURTHER SUPPORT OF ITS
SUPPLEMENTAL JURY INSTRUCTION ON MONEY LAUNDERING COUNTS**

The Government requested (Doc. 559) a supplemental jury instruction clarifying that, to convict the defendant on the money laundering counts under 18 U.S.C. § 1956(a)(2)(A), the Government need not prove that the defendant either knew or intended that the transfer of money was from a place inside the United States to or through a place outside the United States. This element merely establishes federal jurisdiction and there is no requirement that defendant had knowledge of it. In response, the defendant argues that the from/to/through requirement is "not merely a 'jurisdictional element'" because it was "'the evil Congress sought to prevent'" when it passed Section 1956(a)(2)(A). Def.'s Opp. (Doc. 561) at 1. The defendant is wrong.

As an initial matter, the defendant apparently agrees that there is no *mens rea* requirement for jurisdictional elements in criminal statutes that simply "establish Congress's ability to regulate the conduct." Def.'s Opp. at 5. The defendant also does not contest that the from/to/through requirement is necessary to establish federal jurisdictional by ensuring a nexus with foreign commerce that satisfies the Foreign Commerce Clause. *See* U.S. Const., art. I, § 8, cl. 3; *see also* Gov't Mot. at 2 (noting that Section 1956(a)(2) – unlike Sections 1956(a)(1) and (a)(3) – does not use the term "financial transaction," which is defined to require an effect on "interstate or foreign commerce").

1

Instead, the defendant argues that *mens rea* is nonetheless required for the from/to/through element because international transfers were the "specific 'evil Congress seeks to prevent' through the statute." Def.'s Opp. at 3 (quoting *Rehaif v. United States*, 139 S. Ct. 2191, 2196 (2019)). But there is nothing inherently "evil" about international transfers, which are both ordinary and commonplace, just as there is nothing inherently "evil" about a "financial transaction." As the Supreme Court explained in *Rehaif*, the "purpose of scienter" is to "separate wrongful from innocent acts." 139 S. Ct. at 2196. Here, the wrongful act was not the use of an international transfer, but the promotion of a specified unlawful activity. *See* 18 U.S.C. § 1956(a)(2)(A). The purpose of scienter – to separate wrongful from innocent acts – is therefore served by the requirement in Section 1956(a)(2)(A) that the defendant acted "*with the intent* to promote the carrying on of specified unlawful activity." *Id.* (emphasis added).

As the Second Circuit explained in *United States v. Allen*, "[w]hile the Supreme Court has read some criminal statutes to include broadly applicable scienter requirements, even where the statute by its terms does not contain them, those cases involved statutes that criminalized otherwise innocent conduct . . . [and] the element as to which the Supreme Court implied a scienter requirement was not a mere jurisdictional element, but was the very element that made the conduct dangerous or criminal." 788 F.3d 61, 69 (2d Cir. 2015). With regard to Section 1956(a)(2)(A), the from/to/through requirement is a "mere jurisdictional element" and the element that makes the conduct "dangerous or criminal" is the promotion of specified unlawful activity, which has a specific intent requirement.

While Section 1956(a)(2) is obviously concerned with targeting and protecting the integrity of international transfers, *see* Def.'s Opp. at 3, it does not follow that the from/to/through requirement is anything other than a jurisdictional element. Cases cited by both the Government

2

and the defendant make this clear. For example, although Congress "was clearly concerned with the safety of federal officers" when it passed 18 U.S.C. § 111, the Supreme Court in *United States v. Feola* held that a defendant convicted of Section 111 was not required to know that the victim was a federal officer. 420 U.S. 671, 680, 695-96 (1975) ("The jurisdictional requirement is satisfied by the existence of facts tying the proscribed conduct to the area of federal concern delineated by the statute."). And in *United States v. Allen*, even though Congress was obviously concerned with protecting federal lands when it passed 18 U.S.C. § 1855, which prohibits setting fire on federal lands, the Second Circuit held that the statute "does not require knowledge that the lands are federal." 788 F.3d 61, 66-69 (2d Cir. 2015). Here too, although Congress was concerned with preventing the harm caused by the abuse of international wire transfers to promote unlawful activity when it passed Section 1956(a)(2), there is no requirement that the defendant knew that the transfer of money was from a place inside the United States to a place outside the United States.

This conclusion is supported not only by case law, but also by the structure of the statute. Tellingly, the defendant does not address the cases cited by the Government showing that Congress did not intend to include a *mens rea* requirement for the from/to/through element because it included a specific intent requirement in a wholly separate subsection of Section 1956(a)(2) that appears *after* the from/to/through element. *See* Gov. Mot. at 4 (citing *Flores-Figueroa v. United States*, 556 U.S. 646, 650 (2009) (as to identity theft statute, finding that "[a]s a matter of ordinary English grammar, it seems natural to read the statute's word 'knowingly' as applying to all the *subsequently* listed elements of the crime") (emphasis added)).

Without addressing these obvious points, the defendant instead quotes a passage from Section 1956(a)(2)'s legislative history to show that Congress was concerned with international money laundering, which necessarily involves international movements of money. *See* Def.'s

3

Opp. at 3 (quoting S. Rep. No. 433, 99th Cong., 2d Sess. 11 (1986)).  It is clear, however, that Congress did not seek to prevent everyday international transfers.  Rather, Section 1956(a)(2) was "intended to support recent United States' efforts to obtain international cooperation to halt the flow of drug money" (*i.e.*, the promotion of specified unlawful activity).  S. Rep. No. 433, 99th Cong., 2d Sess. 11 (1986).  That was the "evil Congress [sought] to prevent" in passing Section 1956(a)(2).  *Rehaif*, 139 S. Ct. at 2196.

Moreover, although it is unnecessary to reach the legislative history upon which the defendant relies because the statutory text is clear on its face, that legislative history supports the Government's position that there is no "knowing" requirement for Section 1956(a)(2)'s from/to/through element, any more so than a violation of Section 1956(a)(1) requires a defendant's knowledge of *its* jurisdictional element.  First, as to Section 1956(a)(1), the Senate Report states:

> Section 1956(a)(1) is the basic money laundering offense . . . .  [I]t employs a scienter standard of "knowing," rather than "reason to know" or "reckless disregard."  In fact, it has two "knowing" requirements.  In order to prove a violation of the offense, the Government must show not only that the defendant knew the property involved in a transaction was the proceeds of crime, but also that the defendant either intended to facilitate a crime or knew that the transaction was designed to conceal the proceeds of a crime.

S. Rep. No. 433, 99th Cong., 2d Sess. 9 (1986).  Section 1956(a)(1) specifies both of these *mens rea* requirements in the text of the statute.  *See id.* ("(a)(1) Whoever, *knowing* that the property . . . (B) *knowing* that the transaction is designed . . . ." (emphasis added)).  There is no suggestion in either the Senate Report or the text of Section 1956(a)(1) that the defendant must know that the "financial transaction" affected interstate or foreign commerce (the jurisdictional element).

The same is true of Section 1956(a)(2).  It contains a specific *mens rea* requirement that the defendant act "with the intent to promote the carrying on of specified unlawful activity."  And neither the Senate Report nor the text of Section 1956(a)(2) provides that the defendant must have

4

knowledge of the statute's from/to/through jurisdictional element. Tellingly, the only reference to intent in the Senate Report for Section 1956(a)(2) relates to the promotion of a crime or concealment. S. Rep. No. 433, 99th Cong., 2d Sess. 11 (1986) ("This section, by contrast, requires that the accused defendant engage in an act of transporting or attempted transporting and either intend to facilitate a crime or know that the transaction was designed to conceal a crime.").

Therefore, the Government respectfully requests a supplemental instruction clarifying that the Government need not prove that the defendant knew or intended that the transfer of money be from a place inside the United States to a place outside the United States, as set forth in the Government's motion. *See* Gov. Mot. at 5.

Respectfully submitted,

| | |
|---|---|
| ROBERT ZINK | JOHN H. DURHAM |
| CHIEF | UNITED STATES ATTORNEY |
| Fraud Section, Criminal Division | District of Connecticut |
| United States Department of Justice | |
| | |
| /s/ | /s/ |
| | |
| DANIEL S. KAHN | DAVID E. NOVICK |
| SENIOR DEPUTY CHIEF | ASSISTANT U.S. ATTORNEY |
| Federal Bar No. phv04243 | Federal Bar No. phv02874 |
| LORINDA LARYEA | 157 Church St., 25th Floor |
| ASSISTANT CHIEF | New Haven, Connecticut 06510 |
| Fraud Section, Criminal Division | Tel. (203) 821-3700 |
| U.S. Department of Justice | |
| 1400 New York Avenue, N.W. | |
| Washington, D.C. 20005 | |
| Tel. (202) 616-3434 | |

CERTIFICATION OF SERVICE

       This is to certify that on November 2, 2019, a copy of the foregoing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                        BY:    ____/s/_____
                                 DAVID E. NOVICK
                                 ASSISTANT UNITED STATES ATTORNEY